# United States District Court
# Eastern District of California

WALDEN CHATMAN,

                    Petitioner,

        v.

D.K. SISTO, Warden,

                    Respondent.

CV 08-00341 TJH

Order

JS-6

Petitioner was convicted of second-degree murder in 1987, and the court sentenced him to twenty-five years and eight months to life with the possibility of parole.  In 2006, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole.  Petitioner filed a writ of *habeas corpus* in California state court.  His petition was denied.  He, then, filed a petition in this Court.

Petitioner alleges that the Board's decision to deny parole violated his federal due process rights because the decision was not based on evidence that the petitioner

1  posed an unreasonable risk of danger to society.  He, also, alleges that the Board

2  failed to afford him individualized consideration of all the factors relevant to parole

3  decisions and that the Board's hearing was not  held timely.

4

5       Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254,

6  a *habeas* petition pursuant to the judgment of a state court shall not be granted, with

7  respect to any claim that was adjudicated on the merits in state court proceedings,

8  unless the adjudication of the claim resulted in a decision that was contrary to, or

9  involved an unreasonable application of, clearly established federal law, as

10  determined by the Supreme Court. *Cary v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649,

11  652-53, 166 L. Ed. 2d 482, 487 (2006).

12

13       Whatever liberty interest exists in the right to parole is a state interest created

14  by California law. *Swarthout v. Cooke*, __U.S.__, 131 S. Ct. 859, 862, 178 L. Ed. 2d

15  732, 736 (2011).  When a state creates a liberty interest, the due process clause

16  requires the interest to be carried out through fair and constitutional procedures.

17  *Swarthout,* __U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 736.  In the context of

18  parole, the Supreme Court has held that the only procedures constitutionally required

19  are that prisoners be allowed an opportunity to be heard at their parole hearing and,

20  if parole is denied, given a statement of the reasons why it was denied. *Swarthout*,

21  __U.S. at __, 131 S. Ct. at 862, 178 L. Ed. 2d at 736.  The petitioner was offered an

22  opportunity to speak on his behalf during his parol hearing and was given a statement

23  by the Board explaining why his parole was denied.  Therefore, the Board's

24  procedures met the requirements of clearly established federal law, as articulated by

25  the Supreme Court, and did not violate petitioner's federal due process rights.

26

1    It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

2  Denied.

3

4  Date:   June 15, 2012

5  _____

6

7                    Terry J. Hatter, Jr.
                Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26